**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RUPINDERJIT SINGH KANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2337-J** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rupinderjit Singh Kang, a citizen of India proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

- Petitioner is citizen of India who entered the United States on or about January 17, 2018. (Doc. 1, at Ex. 3, at 1).

- On January 23, 2018, Petitioner was placed in expedited removal proceedings. (Doc. 10, at Ex. 2, at 2). On February 6, 2018, Petitioner was found to have a credible fear of persecution for his political opinion. (Doc. 1, at Ex. 3, at 3-4). On March 7, 2018, an immigration judge ordered Petitioner released on a $15,000 bond. (*Id.* at Ex. 4). On March 8, 2018, Petitioner was released from ICE custody. (*Id.* at Ex. 5).

- On July 12, 2018, U.S. Citizenship and Immigration Services received Petitioner's application for asylum and withholding of removal. (*Id.* at Ex. 6). On April 11, 2024, an immigration judge dismissed Petitioner's removal proceedings. (Doc. 10, at Ex. 2, at 2). Petitioner currently has work authorization that expires on February 18, 2030. (Doc. 1, at Ex. 7).

- On July 22, 2026, Petitioner stopped at a weigh station while driving a commercial vehicle. (Doc. 10, at Ex. 2, at 2). The inspecting officer contacted a 287g agent. (*Id.*) The 287g agent determined Petitioner was unlawfully present in the United States and authorized Petitioner's arrest. (*Id.*) Petitioner was arrested and transported to ICE detention. (*Id.*)

- On July 23, 2026, Petitioner was charged with being removable from the United States. (*Id.* at Ex. 1, at 1).

- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing during his current detention. (Doc. 1, at 9).

- Petitioner's immigration proceedings are ongoing, as he had a master calendar hearing scheduled for September 28, 2026. (Doc. 10, at Ex. 4, at 1). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 9).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His continued detention without a bond hearing under 8 U.S.C. § 1226(a) violates the INA. (*Id.* at 17).

2. His continued detention without an individualized custody review violates due process.[2] (*Id.*)

As relief, Petitioner requests an order requiring "Respondents to provide Mr. Kang with a prompt individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of this Court's order, or release him if Respondents fail to provide such a hearing within that period." (*Id.* at 18).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b) and is not entitled to a bond hearing, they concede that the "issue is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 10, at 3). "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 4).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[2] The undersigned notes that Petitioner does not appear to challenge the circumstances of his re-detention itself. *See Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release for petitioner who was previously released on bond and re-detained without notice of changed circumstances).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[3]

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs

[3] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by October 22, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 15th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").