**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RUPINDERJIT SINGH KANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2337-J |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Rupinderjit Singh Kang, a citizen of India, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 11] recommending that the Court grant the Petition by ordering Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) before a neutral Immigration Judge within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely objection [Doc. No. 12], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In their objection, Respondents concede that the issue in this case is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Objs. at 1. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla.

June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 11] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows: Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral Immigration Judge within seven (7) days of the date of this Order. Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE